IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.

F I L E D

MAR 2 3 2017

AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   5:16-CR-320-(DNH) |
| | ) |
| **v.** | ) **Superseding Indictment** |
| | ) |
| **STACEY J. LAPORTE, JR.** | ) Violations:   18 U.S.C. § 2251(a) and (e) |
| | )                       [Conspiracy to Sexually |
| | )                       Exploit a Child] |
| | ) |
| | )                       18 U.S.C. § 2251(a) |
| | )                       [Sexual Exploitation of |
| | )                       Children] |
| | ) |
| | )                       18 U.S.C. § 2252A(a)(2)(A) |
| | )                       [Receipt of Child |
| | )                       Pornography] |
| | ) |
| | ) 5 Counts & Forfeiture Allegation |
| | ) |
| **Defendant.** | ) County of Offense:   St. Lawrence |

### THE GRAND JURY CHARGES:

#### COUNT 1
#### [Conspiracy to Sexually Exploit a Child]

From in or about 2014 through in or about May, 2016, in St. Lawrence County in the

Northern District of New York, defendant **STACEY J. LAPORTE, JR.** conspired with

Mackenzie Bailey to use V-1, a minor female child born in 2014 whose identity is known to the

grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions

of such conduct, knowing and having reason to know that such visual depictions would be

transported and transmitted using a means and facility of interstate and foreign commerce and in

and affecting such commerce, and where the visual depictions were produced using materials that

had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any

means, including by computer, and where such visual depictions were actually transported and

transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, in violation of Title 18 United States Code, Sections 2251(a) & (e).

## COUNTS 2 - 3
### [Sexual Exploitation of a Child]

On or about the dates listed below, in St. Lawrence County, in the Northern District of New York, defendant, **STACEY J. LAPORTE, JR.**, acting with Mackenzie Bailey, did use V-1, a minor female child born in 2014 whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, and where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and where such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, in violation of Title 18, United States Code, Sections 2251(a) & (e), and 2(a).

| Count | Date |
|-------|---------------|
| 2 | March 2, 2016 |
| 3 | March 3, 2016 |

## COUNT 4
### [Sexual Exploitation of Children]

On or about February 28, 2016, in St. Lawrence County, in the Northern District of New York, defendant, **STACEY J. LAPORTE, JR.**, did use, persuade, induce, entice, and coerce V-2, a male child born in 2003, and V-3, a female child born in 1999, whose identities are known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using materials that had been mailed,

2

shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) & (e).

**COUNT 5**
**[RECEIPT OF CHILD PORNOGRAPHY]**

On or about March 25, 2016, in St. Lawrence County in the Northern District of New York, the defendant, **STACEY J. LAPORTE, JR.**, did knowingly receive child pornography using a means and facility of interstate and foreign commerce, shipped and transported in and affecting such commerce by any means, including by computer, in that the defendant did receive, by way of the Internet, graphic image files depicting one or more minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

**FORFEITURE ALLEGATION**

The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference herein for the purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 2253.

Pursuant to Title 18, United States Code, Section 2253, upon conviction of the charges alleged in Counts 1 through 5, the defendant, **STACEY J. LAPORTE, JR.**, shall forfeit to the United States of America:

a.   Any visual depiction described in Title 18, United States Code, Sections 2251 and 2252A (incorporating the definition of child pornography in 18 U.S.C. §2256(8)), or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

3

b.      Any property, real or personal, constituting or traceable to gross profits or
         other proceeds obtained from the offense, and

c.      Any property, real or personal, used or intended to be used to commit or to
         promote the commission of the offense.

The property to be forfeited includes, but is not limited to:

a.      one Lenovo T61 laptop computer (S/N: L3-MF987 08/09);

b.      one Samsung Galaxy S4 Cell Phone (S/N: R31DB22PATH);

c.      one Apple IPhone 4s (S/N: C8PLFJFVFML3); and

d.      one LG Cell Phone (S/N: 503CYWC0079417).

If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party,

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without
         difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title
21, United States Code, Section 853 (p), as incorporated by Title 18, United States Code, Section
2253(b) and by Title 28, United States Code, Section 2461(c).

Dated:    March 23, 2017

                                          A TRUE BILL,   ***NAME REDACTED

                                          ███████████████

                                          Grand Jury/Foreperson

4

RICHARD S. HARTUNIAN
United States Attorney

By:

Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510186