IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA         ) | |
| ) | **Criminal Action No.** |
| v.        ) | **5:16-CR-320 (DNH)** |
| ) | |
| STACEY J. LAPORTE, JR.,         ) | |
| ) | |
| **Defendant.**        ) | |

**GOVERNMENT'S PRE-TRIAL MEMORANDUM
ON ASSET FORFEITURE ISSUES**

The United States of America, by its counsel, submits this memorandum on the procedures governing the forfeiture of property in a criminal case, to assist the court and counsel for the defendant in the upcoming trial.

In the event the defendant is found guilty of one or more counts in the Second Superseding Indictment, the Government will be seeking the forfeiture of the following specific assets:

(a) A Lenovo T61 laptop computer, serial number: L3-MF987 08/09;

(b) A Samsung Galaxy S4 cell phone, serial number: R31DB22PATH;

(c) An Apple IPhone 4s, serial number: C8PLFJFVFML3; and

(d) A LG cell phone, serial number: 503CYWC0079417.

The aforementioned property is listed in detail in the Forfeiture Allegation of Second Superseding Indictment 16-CR-320, which alleged forfeiture pursuant to Title 18, United States Code, Section 2253.

The forfeiture issues will not be considered until and unless the jury returns a guilty verdict on one or more of the counts giving rise to the forfeiture. *See* Rule 32.2(b)(1). In that event, the court must determine what property is subject to forfeiture and the amount of any money judgment that the defendant will be ordered to pay. Rule 32.2(b)(1)(A). The court's determination may

be based on evidence already in the record and on any additional evidence or information submitted by the parties.  Rule 32.2(b)(1)(B).  The Rules of Evidence do not apply in the forfeiture phase of the trial.  *See United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible).

The Government's burden is to establish the forfeitability of the property by a preponderance of the evidence.  *See United States v. Martin,* 662 F.3d 301, 307 (4th Cir. 2011) ("the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence"); *United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999) (because forfeiture is part of sentencing, and fact-finding at sentencing is established by a preponderance of the evidence, the preponderance standard applies to criminal forfeiture); *see also United States v. Gaskin*, 354 F.3d 438, 461-62 (2d Cir. 2004) (following *Bellomo*).

Generally, the forfeiture determination is made by the court, not the jury.  *See* Rule 32.2(b)(1)(A).  The rule, however, gives the defendant a limited right to have the jury retained to determine the forfeiture to the extent that the Government is seeking the forfeiture of specific assets on the theory that they were directly involved in, or traceable to, the offense for which the defendant has been convicted.  Rule 32.2(b)(5).

To invoke this right, the defendant must make his election known to the court prior to the time the jury begins its deliberation regarding the defendant's guilt or innocence.  Rule

32.2(b)(5)(A).  The purpose of that provision, which was added to Rule 32.2 in 2009, is to allow the court and the jurors to plan their calendars, and to allow the Government time to prepare special verdict forms and jury instructions, or conversely, to save the court and the Government the judicial resources that would be wasted making such preparations if the defendant intends to waive the jury.  *See* Advisory Committee Note to 2009 Amendment to Subdivision (b)(5)(A).[1]  If the defendant fails to make a timely request to have the jury retained, his right to do so is waived.  *See United States v. Nichols*, 429 Fed. Appx. 355, 356 (4th Cir. 2011) (per curiam) ("although a defendant has a right to have a jury decide a forfeiture issue, the defendant must affirmatively assert that right," citing Rule 32.2(b)(5)).

Accordingly, in this case, the Government will be asking the court to enter an order of forfeiture for the assets listed above, and will be prepared to establish the forfeitability of the listed assets by a preponderance of the evidence.  The Government also respectfully requests that the court inquire of the defendant, at the time the jury is empaneled, whether the defendant will be invoking his limited right under Rule 32.2(b)(5) to have the jury retained.

Dated: June 5, 2017

          RICHARD S. HARTUNIAN
          United States Attorney
          */s/ Lisa M. Fletcher*
By: /s/ *Sahar Amandolare*
          AUSA Lisa M. Fletcher
          Bar Roll No. 510187
          AUSA Sahar Amandolare
          Bar Roll No. 520259

---

[1] The Advisory Committee Note provides, in pertinent part, as follows:
    Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled. This allows the court to plan, an also allows the court to tell potential jurors what to expect in terms of service.