UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

    -v-                                                                                             5:16-CR-320

STACEY J. LAPORTE, JR.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# PRELIMINARY JURY INSTRUCTIONS

June 12, 2017
Utica, New York                                                         Court's Exhibit No. 1 (amended)

Before we begin with opening statements in this case, I would like to give you a few words of introduction.  This case involves criminal charges against the defendant, Stacey J. LaPorte, Jr.  I will briefly explain the charges to you in a moment.  I will instruct you on the law you are to apply to the charges in more detail after all parties have finished presenting their evidence.

Right now, I am going to give you some preliminary instructions to consider while you are listening to this case.

## **ROLE OF THE JURY**

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence.  Once you have determined the facts, you must follow the law as I state it, and apply the law to the facts.  On these legal matters, you must take the law as given to you; that is, if any attorney states a legal principle different from any stated in these instructions or the final instructions, it is my instructions that you are bound to follow.  You are not to consider one instruction alone as stating the law, but are to consider the instructions as a whole.

You should not concern yourself with the wisdom of any rule of law.  You are bound to accept and apply the law as given to you, whether or not you agree with it.

In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice, or sympathy towards any party. It would be equally improper for you to allow any feelings you may have about the nature of the charges against the defendant to influence you in any way. The parties and the public expect you to carefully and impartially consider all the evidence in this case, follow the law as I state it, and reach a decision regardless of the consequences.

In addition, since your verdict must be based solely upon the evidence, or the lack of evidence, developed at this trial, it would be improper for you to consider any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. The defendant is entitled to the presumption of innocence, and the government has the burden of proof, as I will discuss in a moment. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

## **EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the lawyers agree to, or stipulate to, or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is

proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both direct and circumstantial evidence.

## CREDIBILITY OF WITNESSES

During the course of this trial, you will have the opportunity to observe all of the witnesses.  It will be your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and the importance of his or her testimony.  In making the determination of whether or not to believe a witness, you should carefully examine all the testimony of that witness, the circumstances under which he or she testified, and any other matter in evidence which may help you decide the truth and the importance of that witness's testimony.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals before the law.

## BURDEN OF PROOF

The charges against the defendant are contained in the Second Superseding

Indictment, which I will describe to you in detail in a moment. An indictment itself is not evidence. It merely describes the charges against the defendant. It is an accusation. It may not be considered by you as any evidence of the defendant's guilt. In reaching your decision of whether the government has proven the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

As a result of the defendant's plea of not guilty to the charges contained in the Second Superseding Indictment, the burden is on the prosecution to prove guilt beyond a reasonable doubt. Each of you must presume that the defendant is actually not guilty of the charges against him. The law presumes the defendant to be innocent of the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven the defendant guilty beyond a reasonable doubt.

This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced of his guilt beyond a reasonable doubt after careful and impartial consideration of all the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

The burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence, or to present any evidence, or even to testify. Since a defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is, what is reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. It must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. As noted, this burden never shifts to the defendant; it is always the government's burden to prove each of

the elements of the crimes charged against the defendant beyond a reasonable doubt. If, after fair and impartial consideration of all of the evidence relating to the count in the indictment under consideration, as a unanimous jury, you are not firmly convinced of the defendant's guilt, you must give him the benefit of the doubt and find him not guilty on that count.  On the other hand, if you are firmly convinced that the defendant is guilty of the count under consideration, as a unanimous jury, you should vote to convict.

Your verdict must be unanimous.  That is, all twelve jurors must agree on a verdict of not guilty or guilty as to each count in the indictment.

## **THE SECOND SUPERSEDING INDICTMENT**

The Second Superseding Indictment contains a total of six (6) counts against Stacey J. LaPorte, Jr., the defendant on trial before you.  You must consider each count of the indictment separately, and you must return a separate verdict of not guilty or guilty for each count.

The defendant has denied that he is guilty of the charges against him.  The defendant's denial of guilt puts in issue every element of the charges, which the government must prove beyond a reasonable doubt.

**COUNTS 1 AND 2: CONSPIRACY TO SEXUALLY EXPLOIT A CHILD**

Counts 1 and 2 charge the defendant with conspiracy to use a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, in violation of 18 U.S.C. § 2251(a) and (e).

Count 1 alleges that from in or about 2014 and continuing through May, 2016, in St. Lawrence County, New York, the defendant knowingly, intentionally, and unlawfully conspired and agreed together with Mackenzie Bailey to use V-1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and that the visual depiction actually moved in interstate commerce, that the defendant knew or had reason to know that the visual depiction would move in interstate commerce, or that the materials used to produce the depiction had previously moved in interstate commerce.

Count 2 alleges that from in or about April through June 2015, in St. Lawrence County, New York, the defendant knowingly, intentionally, and unlawfully conspired and agreed together with Hillary Trimm to use V-4 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and that the visual depiction actually moved in interstate commerce, that the defendant knew or had

reason to know that the visual depiction would move in interstate commerce, or that the materials used to produce the depiction had previously moved in interstate commerce.

In order to sustain its burden of proof for these counts, the government must prove the following two essential elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into the unlawful agreement charged in the Second Superseding Indictment; and

<u>Second</u>, that the defendant knowingly and willfully became a member of the conspiracy.

## COUNTS 3, 4, AND 5: SEXUAL EXPLOITATION OF CHILDREN

Each of Counts 3, 4, and 5 charge the defendant with separate violations of 18 U.S.C. § 2251 as a substantive offense, as opposed to the allegations in Counts 1 and 2, where this offense is charged as the object of a conspiracy as I previously charged.

Counts 3 and 4 charge that the defendant, acting with Mackenzie Bailey, used V-1 to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, in violation of 18 U.S.C. § 2251(a).  Count 3 charges that this conduct occurred on March 2, 2016.  Count 4 charges that this conduct occurred on March 3, 2016.

Count 5 charges that the defendant used, persuaded, induced, enticed, and coerced V-2 and V-3 to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, in violation of 18 U.S.C. § 2251(a).  Count 5 charges that this conduct occurred on February 28, 2016.

In order to sustain its burden of proof for each of these counts, the government must prove the following three essential elements beyond a reasonable doubt:

First, that the victim identified in each count was under the age of eighteen (18);

Second, that the defendant used, employed, persuaded, induced, enticed or coerced the victim identified in each count to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

Third, that the visual depiction actually moved in interstate commerce, that the defendant knew or had reason to know that the visual depiction would move in interstate commerce, or that the materials used to produce the depiction had previously moved in interstate commerce.

**COUNT 6: RECEIPT OF CHILD PORNOGRAPHY**

Count 6 charges the defendant with knowingly receiving child pornography by using a cellular telephone connected to the Internet, in violation of 18 U.S.C.

§ 2252(a)(2)(A).  It charges him with receiving a graphic image file on March 25, 2016.

In order to sustain its burden of proof for this count, the government must prove the following four essential elements beyond a reasonable doubt:

First, that the defendant knowingly received a visual depiction;

Second, that the visual depiction was transported in or affecting interstate or foreign commerce;

Third, that the visual depiction was child pornography; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

## CONDUCT OF THE JURY

Until the trial is over, you are not to discuss this case among yourselves or with anyone else—including members of your family, people involved in the trial, news reporters, or anyone else with whom you may come in contact. You may not permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, either here in the courthouse or anywhere else, please let me know about it immediately.  This includes the parties and the lawyers for the parties.  The

attorneys know they are not to speak with you and will not think it is rude if you do not speak to them.  It does not look appropriate for one side or the other to be speaking with any of you no matter how innocent or trivial that conversation might, in fact, be.

<u>It is equally important that you do not read or listen to any news reports of the trial</u>.  If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further.  The person who wrote or is reporting the story may not have listened to all the testimony or may be getting information from persons whom you will not see here in court under oath and subject to cross examination.  The report may emphasize an unimportant point or may simply be wrong.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  I assure you that when you have heard all the evidence, you will know more about this case than anyone will learn through the news media—and it will be more accurate.  You must base your verdict solely and exclusively on the evidence received in court during the trial.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  <u>This means that during the trial you must not conduct any independent research about this case, the matters or charges in the</u>

13

<u>case, the individuals involved in the case, or the places where the events took place</u>.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, the internet, and other tools of technology.  <u>You must not use these tools to communicate electronically with anyone about the case</u>.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or on Twitter, through any blog or website, including Facebook, Google Plus, Linked In, or YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

<u>Finally, do not form any opinion until all the evidence is in. Keep an open mind until you retire to the jury room at the end of the case to deliberate on your verdict</u>.

If you want to take notes during the course of the trial you may do so. However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering of all the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations. Do not take your notes with you at the end of the day—be sure to leave them in the jury room.

If you choose <u>not</u> to take notes, remember that it is your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

## COURSE OF THE TRIAL

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorneys may, but do not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if he wishes, present witnesses whom the government may then cross-examine.  After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will give you final jury instructions on the law.  After that, you will retire with most, if not all, of the exhibits received in evidence to deliberate on your verdict.

The trial will be in session each day on Monday through Friday, from 9:30 a.m. to between 4:30 and 5:00 p.m., with a 15 minute recess in the morning and in the afternoon sessions.  There will be an approximately one hour break for lunch starting between noon and 1:00 p.m.  However, this Thursday, June 15, trial will not be in session because of a Naturalization Ceremony taking place here, so you do not need to report that day.

You will now each receive a copy of these preliminary jury instructions (Court's Exhibit No. 1).  You may refer to them throughout the trial.  However, as with your notes, if any, you must leave them in the jury room at the end of each day.

Your verdict must be unanimous.  That is, all twelve jurors must agree on a

verdict of not guilty or guilty as to each count in the Second Superseding Indictment

against defendant Stacey J. LaPorte, Jr.