UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

   -v-                                                                      5:16-CR-320

STACEY J. LAPORTE, JR.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **FINAL JURY INSTRUCTIONS**

June 20, 2017
Utica, New York                                          Court's Exhibit No. 3

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

ROLE OF THE COURT AND JURY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

TYPES OF EVIDENCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

WEIGHT OF THE EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

BURDEN OF PROOF.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

CRIMES CHARGED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

        COUNTS 1 AND 2:  CONSPIRACY TO SEXUALLY EXPLOIT A CHILD. . . . .   24
                First Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   28
                Second Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   29

        COUNTS 3, 4, AND 5:  SEXUAL EXPLOITATION OF A CHILD. . . . . . . . . . .   33
                First Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   35
                Second Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   36
                Third Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   39

        COUNT 6:  RECEIPT OF CHILD PORNOGRAPHY. . . . . . . . . . . . . . . . . . . .   44
                First Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   46
                Second Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   47
                Third Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   47
                Fourth Element. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   48

PUNISHMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   49

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   50

## I.  <u>INTRODUCTION</u>

Now that you have heard all the evidence and the arguments, it is my duty to instruct you on the law applicable to this case.  Before I start, just a few words of introduction.  I believe my charge will take approximately fifty minutes.

This case involves federal criminal charges against the defendant, Stacey J. LaPorte, Jr.  I am confident that if you continue to pay attention and listen carefully, as you have done throughout the trial, you will be able to follow and apply the law to the facts of this case as you find them to be.

I will begin by giving you some general instructions, then I will instruct you on the law with respect to the charges asserted against the defendant.  Parts of this instruction may seem repetitive of the preliminary instructions, so please bear with me.

## II.  <u>ROLE OF THE COURT AND JURY</u>

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence.  Once you have determined the facts, you must follow the law as I state it and apply the law to the facts.  On these legal matters, you must take the law as

I give it to you; that is, if any party has stated a legal principle different from any that I state to you in these instructions, it is my instructions that you are bound to follow.  You are not to consider one instruction alone as stating the law, but are to consider the instructions as a whole.

You should not concern yourself with the wisdom of any rule of law.  You are bound to accept and apply the law as I give it to you, whether or not you agree with it. In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice, or sympathy towards any party.  In addition, since your verdict must be based solely upon the evidence, or the lack of evidence, developed at this trial, it would be improper for you to consider any personal feelings you may have about the defendant's race, national origin, sex, or age.  It would be equally improper for you to allow any feelings you may have about the nature of the charges against the defendant to influence you in any way.

The parties and the public expect you to carefully and impartially consider all the evidence in this case, follow the law as stated by me, and reach a decision regardless

of the consequences.  The defendant is entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.  Our judicial system cannot work unless you reach your verdict through fair and impartial consideration of the evidence.

You are about to be asked to decide whether or not the United States of America, which I will refer to as the government, has proven beyond a reasonable doubt the guilt of defendant Stacey J. LaPorte, Jr.  Your verdict should be based solely upon the evidence or lack of evidence, in accordance with my instructions.

This case is important to the government, for the enforcement of criminal law is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with serious crimes.  The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded the defendant.  By the same token, it is entitled to no lesser consideration.  All parties, whether government or individuals, stand as equals before the law.  The question can never be:  Will the government win or lose this case?

The government always wins when justice is done, regardless of whether the verdict is not guilty or guilty.

### III.  TYPES OF EVIDENCE

As stated earlier, your duty is to determine the facts based on the evidence I have admitted.  The term "evidence" includes the sworn testimony of witnesses, sworn testimony is the question combined with the answer of the witness, and exhibits received in evidence.  The arguments and statements of lawyers as well as questions to witnesses, standing alone, are not evidence.

Exhibits which may have been marked for identification but not received into evidence may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.  Similarly, you are to disregard any testimony when I have ordered it to be stricken.  As I indicated before, only the witnesses' answers are evidence and you are not to consider a question, standing alone, as evidence.

The law recognizes two types of evidence—direct and circumstantial.  Direct

evidence is when witnesses testify about something they know by virtue of their own

senses, that is, something they have seen, felt, touched, or heard.  Direct evidence may

also be in the form of an exhibit where the fact to be proved is its present existence or

condition.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof

of other facts.  You infer on the basis of reason, experience, and common sense from

one established fact the existence or non-existence of some other fact.  Circumstantial

evidence is of no lesser value than direct evidence; for it is a general rule that the law

makes no distinction between direct evidence and circumstantial evidence but simply

requires that your verdict must be based on all of the evidence presented.  While you

should consider only the admitted evidence, you may draw inferences from the

testimony and exhibits that are justified in light of common experience.

As you have heard, the attorneys stipulated to various facts.  You should regard

these facts as true.

There has been also evidence offered that the defendant made certain

statements in which the government claims he admitted certain facts charged in the indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Stacey J. LaPorte, Jr. decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.  You should not disregard or disbelieve this testimony simply because he is charged as a defendant in this case.

A defendant is not required to take the stand in his defense, but if he does so, he surrenders his Fifth Amendment privilege as to proper cross-examination.  When defendant testified and was asked proper questions by the government on cross-

examination, he invoked his Fifth Amendment right to remain silent as to certain

matters regarding his sister Brandy LaPorte.  I directed him to answer those questions

which I found proper.  He refused to answer those questions and you may consider that

refusal in deciding how much weight to give to his testimony.

Let me say again, you, the jury, are the sole judges of the facts.

## IV.  WEIGHT OF THE EVIDENCE

You have had the opportunity to observe the witnesses and now it is your job to

decide how believable each one was in his or her testimony.  There is no magic

formula to help you decide how much weight to give to the testimony of a particular

witness.  You should consider each witness's intelligence, motive, state of mind,

appearance, and manner while on the witness stand.  Consider the witness's ability to

observe the matters as to which he or she has testified, and whether he or she

impresses you as having an accurate memory or recollection on these matters.

Consider also any relation each witness may bear to either side of the case; the

manner in which each witness may be affected by the verdict; any bias, resentment, or

hostility each witness may harbor; and the extent to which, if at all, each witness is

either supported or contradicted by other evidence in the case.

You have heard the testimony of the following law enforcement officers:

New York State Police Investigators Nicholas Arcadi, Dewayne Baillargeon, and Todd

Svarczkopf; Massena Police Department Investigators Jason Olson and Corey Francis;

and United States Department of Homeland Security Special Agent Chad Willard.  You

also heard the testimony of New York State Police Forensic Analyst Deborah Jasinski.

The fact that a witness is currently employed as a law enforcement official does not

mean that his testimony is necessarily deserving of more or less consideration or

greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defendant to try to attack the

credibility of a law enforcement witness on the grounds that his testimony may be

colored by a personal or professional interest in the outcome of the case.  It is your

decision, after reviewing all of the evidence, whether to accept the testimony of the law

enforcement witness and to give to that testimony whatever weight, if any, you find it

deserves.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in this case or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence.

Likewise, the fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  Indeed, after examining all of the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

You heard the testimony of Mackenzie Bailey and Hillary Trimm.  These witnesses testified that they were involved in planning and carrying out some of the conduct charged in the indictment.

Mackenzie Bailey testified that she was a co-conspirator and was actually involved in planning and carrying out the conspiracy charged in Count 1 and that she was an accomplice and aided and abetted the crimes charged in Counts 3 and 4.

11

Specifically, Mackenzie Bailey testified that at defendant's urging, she sexually abused her daughter Arizona Thrana on multiple occasions for the purpose of taking pictures of that conduct and did take pictures of that conduct and transmitted them to defendant using a cellular phone.  Mackenzie Bailey also implicated the defendant Stacey J. LaPorte in the conspiracy charged in Count 1 and in the offenses charged in Counts 3 and 4.

Hillary Trimm testified that she was also a co-conspirator and was actually involved in planning and carrying out the conspiracy charged in Count 2.  Specifically, Hillary Trimm testified that at defendant's urging, she sexually abused her daughter Chloie Trimm on multiple occasions for the purpose of taking pictures of that conduct and did take pictures of that conduct and transmitted them to defendant using a cellular phone.  Hillary Trimm also implicated the defendant Stacey J. LaPorte in the conspiracy charged in Count 2.

Arguments have been made concerning these witnesses' reasons for testifying in this case, and whether or not you should believe them.  The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only

people who themselves take part in criminal activity have the knowledge required to

show criminal behavior by others.  For those very reasons, the law allows the use of

such testimony.  Indeed, it is the law in federal courts that the testimony of such a

witness may be enough in itself for conviction, if the jury finds that the testimony

establishes guilt beyond a reasonable doubt.

However, you have also been informed that Mackenzie Bailey and Hillary Trimm

have signed cooperation agreements with the government and were advised that in

exchange for their cooperation and testimony at trial, the government may recommend

a lesser punishment when they are sentenced for the crimes they pleaded guilty to.

The government is permitted to enter into this kind of agreement.  You, in turn, may

accept the testimony of such a witness and convict the defendant on the basis of their

testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that witnesses who have entered into

agreements with the government have an interest in this case different than any

ordinary witness's interest.  Witnesses who realize that they may be able to receive a

lighter sentence by giving testimony favorable to the prosecution have a motive to

13

testify falsely.  In evaluating the credibility of such witnesses' testimony, you should ask

yourselves whether they would benefit more by lying or by telling the truth.  Was their

testimony made up in any way because they believed or hoped that they would

somehow receive favorable treatment by testifying falsely?  Or did they believe that

their interests would be best served by testifying truthfully?  If you believe that the

witnesses were motivated by hopes of personal gain, was the motivation one that would

cause them to lie or was it one that would cause them to tell the truth?  Did this

motivation color the witnesses' testimony?

Therefore, you must examine this testimony with caution and weigh it with great

care.  If, after scrutinizing this testimony, you decide to accept it, you may give it

whatever weight, if any, you find it deserves.

Moreover, these witnesses pleaded guilty in federal court to charges arising out

of the same facts as this case.  Mackenzie Bailey pleaded guilty in federal court to the

conspiracy to sexually exploit Arizona Thrana, the female minor child charged in Count

1 and the sexual exploitation of Arizona Thrana, the female minor child charged in

Counts 3 and 4.  Hillary Trimm pleaded guilty in federal court to the conspiracy to

14

sexually exploit Chloie Trimm, the female minor child charged in Count 2.  They have

both therefore been convicted of felonies.  A prior conviction of a felony is one of the

circumstances which you may consider in determining the credibility of the witness.

You may decide to accept all, none, or part of such a witness's testimony as true, and

you may give it whatever weight, if any, you find it deserves.

However, you are instructed to draw no conclusions or inferences of any kind

about the guilt of the defendant Stacey J. LaPorte, Jr. from the fact that Mackenzie

Bailey and Hillary Trimm, as government witnesses, pleaded guilty to criminal charges.

Mackenzie Bailey and Hillary Trimm's decisions to plead guilty were personal decisions

about their own guilt.  This may not be used by you in any way as evidence unfavorable

to the defendant Stacey J. LaPorte, Jr.

There has been evidence received during the trial that defendant engaged in

other conduct which was similar in nature to the acts charged in the indictment.

In a criminal case in which the defendant is accused of sexual exploitation of a

minor under the age of 14, or with receiving child pornography, as alleged in this

indictment, evidence of the defendant's commission of another offense of a similar

nature—involving a child under the age of 14—is admissible and may be considered for

its bearing on whether the defendant committed the offenses for which he is charged in

this indictment.

However, evidence of such other offense on its own is not sufficient to prove the

defendant guilty of the crimes charged in the indictment.  As you consider this

evidence, bear in mind at all times that the government has the burden of proving that

the defendant committed each of the elements of the offenses in the indictment as I will

explain them to you.  I remind you that the defendant is not on trial for any act, conduct,

or offense not charged in the indictment.

There has also been evidence received during the trial that defendant engaged

in other conduct which was similar in nature to the conduct charged in the indictment,

but with minors over the age of 14.  Again, let me remind you that the defendant is not

on trial for acts not alleged in the indictment.  Accordingly, you may not consider this

evidence of similar acts as a substitute for proof that the defendant committed the

crimes charged.  Specifically, you may not consider it as evidence that the defendant is

of bad character or has a propensity to commit a crime.  The evidence of these other, similar acts was admitted for a much more limited purpose.

If you find that the defendant did engage in this other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in the indictment, and/or that the acts charged in the indictment and the other conduct were part of a common plan or scheme committed by the defendant.

However, unlike evidence of similar conduct with a minor under the age of 14, which may be considered by you for any relevant purpose, you may consider evidence of similar conduct with a minor over the age of 14 for a more limited purpose—it may be considered by you only on the issue of identity, and/or common scheme or plan. Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must have committed the acts charged in the indictment.

You have also heard evidence that witnesses made statements on an earlier

17

occasion that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence.  Rather, evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witnesses.  If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a minor detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if at all, it impacts your impression of the witness's testimony.

Similarly, if you find that any witness has willfully testified falsely as to any

material fact, the law permits you to disregard completely the entire testimony of that

witness upon the principle that one who testifies falsely about one material fact is likely

to testify falsely about everything.  However, you are not required to consider such a

witness totally unworthy of belief.  You may accept so much of the testimony as you

deem true, and disregard what you feel is false.

By the processes that I have just described to you, you may, as the sole judges

of the facts, determine which of the witnesses, if any, you will believe, what portion of

their testimony you accept, and what weight you will give it.  Let me say again, you, the

jury, are the sole judges of the facts.

## V.  <u>BURDEN OF PROOF</u>

As a result of the defendant's plea of not guilty to the charges contained in the

indictment, the burden is on the government to prove his guilt beyond a reasonable

doubt.  The law presumes the defendant to be innocent of the charges against him.  I

therefore instruct you that the defendant is to be presumed innocent throughout your

deliberations until such time, if ever, you as a unanimous jury are satisfied that the

government has proven him guilty beyond a reasonable doubt.

The defendant Stacey J. LaPorte, Jr. began this trial with a clean slate.  This

presumption of innocence alone is sufficient to acquit him unless you as jurors are

unanimously convinced of his guilt beyond a reasonable doubt after careful and

impartial consideration of all the evidence in this case.  If the government fails to

sustain its burden of proving the defendant guilty beyond a reasonable doubt, you must

find him not guilty.

I have said that the government must prove guilt beyond a reasonable doubt.

The question naturally is, "What is a reasonable doubt?"  The words almost define

themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a

reasonable person has after carefully weighing all of the evidence.  It is a doubt that

would cause a reasonable person to hesitate to act in a matter of importance in his or

her personal life.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing

character that a reasonable person would not hesitate to rely and act upon it in the

most important of his or her own affairs.  Proof beyond a reasonable doubt is proof that

leaves you firmly convinced of the guilt of the defendant.  A reasonable doubt is not

caprice or whim; it is not speculation or suspicion.  It is not an excuse to avoid the

performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt

beyond a reasonable doubt.  The law does not require that the government prove guilt

beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

Again, this burden never shifts to the defendant, which means that it is always the

government's burden to prove each of the elements of the crimes charged against the

defendant beyond a reasonable doubt.

If the government's evidence gives equal or nearly equal circumstantial support

to competing explanations for an element of a charge, one consistent with the

prosecution's theory of guilt but the other an equally plausible innocent reason for the

same facts as offered by the defense, then you must necessarily entertain a reasonable

doubt as to the truth of an element of the charge and, therefore, find the defendant not guilty of that charge.

While we are on the subject of the elements, I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence, or lack of evidence, introduced in this trial. It is for you to decide, on the basis of the evidence I have admitted and the law on which I will instruct you, whether the government has proven that the defendant is guilty of the crimes charged. If, after fair and impartial consideration of all of the evidence, you are not firmly convinced of the defendant's guilt, you must give him the benefit of the doubt and find him not guilty on that count. On the other hand, if you are firmly and unanimously convinced that the defendant is guilty of the count under consideration, you must vote

to convict.

I will now charge you on the law that you are to apply as to the criminal charges

in this case.  Before instructing you on the particular elements of the crimes charged, I

remind you that nothing said in these instructions is to suggest or convey in any way or

manner what verdict I think you should find.  What the verdict shall be is the sole and

exclusive responsibility and duty of you, the jury.

## VI.  CRIMES CHARGED

Let me now turn to the charges against the defendant, Stacey J. LaPorte, Jr.,

contained in the Second Superseding Indictment.  I remind you that an indictment itself

is not evidence.  It merely describes the charges against the defendant.  It is an

accusation.  It may not be considered by you as any evidence of guilt.  Your job is

limited to deciding whether the government has proven one or more of the crimes

charged against the defendant in the indictment.  In reaching your decision of whether

the government has proven the defendant guilty beyond a reasonable doubt, you may

consider only the evidence introduced, or lack of evidence, with regard to the

23

defendant.

Again, the defendant has pleaded not guilty to the charges contained in the

indictment, thus requiring the government to establish each element of the crimes

charged by proof beyond a reasonable doubt.  The indictment contains six  total counts

against defendant Stacey J. LaPorte, Jr.  You must consider each count separately,

and you must return a separate verdict of not guilty or guilty on each count.

## COUNTS 1 AND 2:  CONSPIRACY TO SEXUALLY EXPLOIT A CHILD

Counts 1 and 2 charge the defendant with conspiracy to use a minor to engage

in sexually explicit conduct for the purpose of producing visual depictions of that

conduct, in violation of 18 U.S.C. § 2251(a) and (e).

These counts allege that the defendant knowingly, intentionally, and unlawfully

conspired and agreed together with another to use the named minor child to engage in

sexually explicit conduct for the purpose of producing a visual depiction of that conduct,

knowing and having reason to know that such visual depictions would be transported

and transmitted using a means and facility of interstate and foreign commerce and in

and affecting such commerce, and where the visual depictions were produced using

materials that had been mailed, shipped, and transported in and affecting interstate and

foreign commerce by any means, including by computer, and where such visual

depictions were actually transported and transmitted using a means and facility of

interstate and foreign commerce and in and affecting such commerce.

Specifically, Count 1 alleges that from in or about 2014 and continuing through

May 2016, the defendant conspired and agreed together with Mackenzie Bailey to use

Arizona Thrana, a minor female child born in 2014.  Count 2 alleges that from in or

about April through June 2015, the defendant conspired and agreed together with

Hillary Trimm to use Chloie Trimm, a minor female child born in 2014.

Title 18 of the United States Code section 2251(a) provides, in relevant part:

Any person who . . . uses . . . any minor to engage in . . . any sexually explicit conduct

for the purpose of producing any visual depiction of such conduct or for the purpose of

transmitting a live visual depiction of such conduct shall be [guilty of a crime] . . . if such

person knows or has reason to know that such visual depiction will be transported or

transmitted using any means or facility of interstate or foreign commerce or in or

affecting [such] commerce . . ., [or] if that visual depiction was produced or transmitted

using materials that have been mailed, shipped, or transported in or affecting interstate

or foreign commerce by any means, including by computer, or if such visual depiction

has actually been transported or transmitted using any means or facility of interstate or

foreign commerce or in or affecting [such] commerce.

Title 18 of the United States Code section 2251(e) provides that:

Any individual who . . . conspires . . . to violate[] this section shall be [guilty of a

crime].

In this case, the defendant is accused of having conspired with others to violate

federal law.  A conspiracy is a kind of criminal partnership—a combination or

agreement of two or more persons to join together to accomplish some unlawful

purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is

separate and distinct from the actual violation of any specific federal laws, which the law

refers to as "substantive crimes."  Indeed, you may find the defendant guilty of the

crime of conspiracy to commit an offense against the United States even though the

substantive crime which was the object of the conspiracy was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a

separate crime even if the conspiracy is not successful.  This is because collective

criminal activity poses a greater threat to the public's safety and welfare than individual

conduct, and increases the likelihood of success of a particular criminal venture.

In order to prove the defendant guilty of conspiracy on Counts 1 or 2, the

government must establish each of the following two elements beyond a reasonable

doubt:

First, that two or more persons entered into the unlawful agreement charged in

the Second Superseding Indictment; and

Second, that the defendant knowingly and willfully became a member of the

conspiracy.

1.  **First Element**

The first element that the government must prove beyond a reasonable doubt is that two or more persons entered the unlawful agreement charged in the indictment, that is the sexual exploitation of a child, as I will later define that offense to you.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken, or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the

28

circumstances of this case and the conduct of the party involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

If you determine that an agreement did not exist, then you must find the defendant not guilty of this count.  On the other hand, if you determine that an agreement did exist, then you must proceed to the second element.

## 2. **Second Element**

The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were.  In deciding

whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene

of an alleged crime does not, by itself, make him a member of the conspiracy.

Similarly, mere association with one or more members of the conspiracy does not

automatically make the defendant a member.  A person may know, or be friendly with,

a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that

they may have assembled together and discussed common aims and interests does

not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without

participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a

defendant, without knowledge, merely happen to further the purposes or objectives of

the conspiracy, does not make the defendant a member.  More is required under the

law.  What is necessary is that the defendant must have participated with knowledge of

at least some of the purposes or objectives of the conspiracy and with the intention of

aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the

conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose

of furthering the illegal undertaking.  He thereby becomes a knowing and willing

participant in the unlawful agreement—that is to say, a conspirator.

If you determine that the defendant did not knowingly, willfully, and voluntarily

became a member of the conspiracy, then you must find him not guilty of the count

under consideration.  On the other hand, if you determine that he was a knowing, willful,

and voluntary member of the conspiracy, then you must find the defendant guilty of the

count under consideration.

## COUNTS 3, 4, AND 5:  SEXUAL EXPLOITATION OF CHILDREN

Each of Counts 3, 4, and 5 charge the defendant with separate violations of 18

U.S.C. § 2251(a) & (e), and 2(a), as substantive offenses, as opposed to the allegations

in Counts 1 and 2, where this offense is charged as the object of a conspiracy as I

previously charged.

Counts 3 and 4 charge that the defendant, acting with Mackenzie Bailey, used

Arizona Thrana, a minor female child born in 2014, to engage in sexually explicit

conduct for the purpose of producing visual depictions of that conduct in violation of 18

U.S.C. § 2251(a).  Count 3 charges that this conduct occurred on March 2, 2016.

Count 4 charges that this conduct occurred on March 3, 2016.

Count 5 charges that the defendant used, persuaded, induced, enticed, and

coerced Jacob Merriam, a minor male child born in 2003, and Cheyenne Fortier, a

minor female child born in 1999, to engage in sexually explicit conduct for the purpose

of producing visual depictions of that conduct, in violation of 18 U.S.C. § 2251(a) & (e).

Count 5 charges that this conduct occurred on February 28, 2016.

Each of Counts 3, 4, and 5, charge the interstate nexus link that is also charged

in Counts 1 and 2.

I previously explained Title 18 of the United States Code section 2251(a) to you.

In order to sustain its burden of proof for each of these counts, the government

must prove the following three essential elements beyond a reasonable doubt:

First, that the victim identified in the count under consideration was under the

age of eighteen;

Second, that the defendant used, employed, persuaded, induced, enticed or

coerced the victim identified in each count to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

Third, that the defendant knew or had reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, and where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and where such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce.

## 1. **First Element**

The first element which the government must prove beyond a reasonable doubt is that the minor alleged in the count you are considering, Arizona Thrana, for Counts 3 and 4, and Jacob Merriam or Cheyenne Fortier for Count 5, was less than eighteen years old at the time of the acts alleged in the indictment.

The government does not have to prove that the defendant knew that the minor was less than eighteen years old.

## 2.  <u>Second Element</u>

The second element which the government must prove beyond a reasonable doubt is that defendant used or persuaded, or induced, or enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

The phrase "engage in sexually explicit conduct" is "construed to protect all children, including those who are unaware of what they are doing or what they are being subjected to, whether because they are sleeping or under the influence of drugs or alcohol or simply because of their age."

A "visual depiction" includes any photograph, film, video, or picture, including data stored on computer disk or by electronic means which is capable of conversion into a visual image.

In deciding whether the government has proven that the defendant acted for the

purpose of producing a visual depiction of the sexually explicit conduct, you may

consider all of the evidence concerning the defendant's conduct.  While the government

must prove that the defendant acted with the purpose of producing a visual depiction of

the child engaging in sexually explicit conduct, it is not required that the government

prove that the visual depiction of that conduct was actually produced.

"Sexually explicit conduct" means actual or simulated:  (1) sexual intercourse,

including genital-genital, oral-genital, anal-genital, or oral-anal, whether between

persons of the same or opposite sex; (2) beastiality; (3) masturbation; (4) sadistic or

masochistic abuse; or (5) lascivious exhibition of the genitals or pubic area of any

person.

For the visual depiction of an exhibition of the genitals or pubic area of a minor to

be considered "sexually explicit conduct," the exhibition must be "lascivious."  Not every

exposure of the genitals or pubic area will necessarily be a "lascivious exhibition."

Whether a picture or image of the genitals or pubic area constitutes a lascivious

exhibition requires a consideration of the overall context of the material.

In determining whether an exhibition of the genitals or pubic area of a minor is

lascivious, you may consider the following factors:

1.   Whether the focal point of the visual depiction is on the minor's genitals or

pubic area;

2.   Whether the setting of the visual depiction is sexually suggestive, that is, a

place or pose generally associated with sexual activity;

3.   Whether the minor is depicted in an unnatural pose, or in inappropriate attire

considering the age of the minor;

4.   Whether the minor is fully or partially clothed, or nude;

5.   Whether the visual depiction suggests coyness or a willingness to engage in

sexual activity; and

6.   Whether the visual depiction is intended or designed to elicit a sexual

response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be

a lascivious exhibition. It is for you to decide the weight or lack of weight to be given to

any of these factors. Ultimately, you must determine whether the visual depiction is lascivious based on its overall content.

### 3. Third Element

The third element which the government must prove beyond a reasonable doubt is that the visual depiction was (1) actually transported or transmitted in or affecting interstate commerce, or (2) that the defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate commerce, or (3) that the visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce.

The government need prove only one, not all three, of these means of affecting interstate commerce.

The first way the government can satisfy this element is by proving beyond a reasonable doubt that the visual depiction in question was actually transported in or affecting interstate commerce.  Transmission of photographs or video by means of the internet, or by use of a cellular network, constitutes transportation in interstate

commerce.  However, you must find beyond a reasonable doubt that the specific

depiction was actually transmitted by means of the internet, or by use of a cellular

network.

The second, and alternative way the government can satisfy this element is by

proving beyond a reasonable doubt that defendant knew or had reason to know that the

visual depiction would be transported in or affecting interstate commerce.  Again,

transmission of photographs or video by means of the internet, or by use of a cellular

network, constitutes transportation in interstate commerce.  To prove this element, the

government must establish that the defendant knew and intended that the visual

depiction would be transported or transmitted in or affecting interstate commerce, or

that the defendant had reason to know that this transportation or transmission would

occur because it was reasonably foreseeable that the defendant's activities would result

in the depiction's transportation or transmission in or affecting interstate commerce. The

government does not have to prove that the depiction was actually moved in interstate

commerce.

The third, and alternative way the government can satisfy this element is by proving beyond a reasonable doubt that the visual depiction was produced using materials that had been mailed or transported in or affecting interstate commerce. Simply stated, the phrase "transported in interstate commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. Here, the government alleges that the visual depictions were produced using a device that was manufactured outside the State of New York. I instruct you that if you find that the device used to produce the image in question was manufactured outside the State of New York, that is sufficient to satisfy this element. The government does not have to prove that the defendant personally transported the device across a state or international line, or that the defendant knew that the device had previously crossed such a line.

Again, it is sufficient that the government prove only one of these methods of interstate commerce to meet their burden of proof on the third element of the offense.

As I mentioned, Counts 3 and 4 of the indictment charge that the defendant

41

acted with Mackenzie Bailey to sexually exploit Arizona Thrana.

Title 18 of the United States Code section 2(a), the aiding and abetting statute provides that:  Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting

the criminal acts of another if no crime was committed by the other person in the first

place.  But if you do find that a crime was committed, then you must consider whether

the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the

defendant knowingly associate himself in some way with the crime, and that he

participate in the crime by doing some act to help make the crime succeed.

To establish that the defendant knowingly associated himself with the crime, the

government must establish that the defendant acted with the purpose that a sexually

explicit visual depiction of Arizona Thrana be produced.

To establish that the defendant participated in the commission of the crime, the

government must prove that the defendant engaged in some affirmative conduct for the

specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even

coupled with knowledge by the defendant that a crime is being committed, or merely

associating with others who were committing a crime is not sufficient to establish aiding

and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether defendant aided or abetted the commission of the crimes charged in Counts 3 and 4 of the indictment, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

## COUNT 6:  RECEIPT OF CHILD PORNOGRAPHY

Count 6 charges that on or about March 25, 2016, the defendant knowingly

received child pornography using a means and facility of interstate and foreign

commerce, shipped and transported in and affecting such commerce by any means,

including by computer, in that the defendant did receive, by way of the internet and/or a

cellular network, graphic image files depicting one or more minors engaged in sexually

explicit conduct in violation of 18 U.S.C. § 2252(a)(2)(A).

Title 18 of the United States Code, section 2252(a)(2)(A) provides, in relevant

part:  Any person who . . . knowingly receives . . . any child pornography that has been

mailed, or using any means or facility of interstate or foreign commerce shipped or

transported in or affecting interstate or foreign commerce by any means, including by

computer [has committed a crime].

In order to sustain its burden of proof for this count, the government must prove

the following four essential elements beyond a reasonable doubt:

First, that the defendant knowingly received a visual depiction;

Second, that the visual depiction was transported in or affecting interstate or

foreign commerce;

Third, that the visual depiction was child pornography; and

Fourth, that the defendant knew of the sexually explicit nature of the material and

that the visual depiction was of an actual minor engaged in that sexually explicit

conduct.

## 1. **First Element**

The first element the government must prove beyond a reasonable doubt is that

the defendant knowingly received a visual depiction.

A "visual depiction," as I have previously instructed you, includes any

photograph, film, video, or picture, including undeveloped film and videotape, and data

stored on computer disk or by electronic means which is capable of conversion into a

visual image.

To receive a visual depiction means to take possession of it.  This includes the

knowing acceptance of a depiction previously requested.

The government must prove that the defendant received the depiction knowingly.

An act is done knowingly when it is done voluntarily and intentionally and not because

of accident, mistake or some other innocent reason.

### 2.  Second Element

The second element the government must prove beyond a reasonable doubt is that the visual depiction was transported in or affecting interstate commerce.

The indictment alleges that the visual depiction was transported in or affecting interstate commerce.  Transmission of photographs or video by means of the internet, or by use of a cellular network, constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the internet, or by use of a cellular network.

### 3.  Third Element

The third element which the government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

Child pornography means any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct, as I have previously defined

47

that term for you, and which portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen

engaging in sexually explicit conduct.  The government does not have to prove the

identity of the minor or the exact age of the minor.  You may consider all of the

evidence, including your viewing of the depiction, in determining whether an image

portrayed an actual person under the age of eighteen engaging in sexually explicit

conduct.

### 4.  Fourth Element

The fourth element which the government must prove beyond a reasonable

doubt is that the defendant knew that the material he possessed was child

pornography.

As I stated before, an act is done knowingly when it is done voluntarily and

intentionally and not because of accident, mistake, or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit

nature of the material and to the knowledge that the visual depictions were in fact of an

actual minor engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

You must unanimously agree that at least one image admitted into evidence and received by the defendant constitutes child pornography.

## VII.  **<u>PUNISHMENT</u>**

As a final matter, I instruct you that the question of possible punishment of the defendant is of no concern to you, and should not, in any sense, enter into or influence

your deliberations.  Your only concern is to determine innocence or guilt.  You make

that determination by weighing the evidence as I have explained, drawing the

inferences that you find warranted, and finding the facts to which you apply the law as I

gave it to you in these instructions.  A consideration of the type or extent of any

penalties that may or may not be imposed has no place in that process.  You are not to

be swayed or influenced or concerned in any way by the question of any punishment

that might be imposed.  <u>You must not even discuss punishment in the jury room</u>.

**VIII.  <u>CONCLUSION</u>**

I have outlined the rules of law applicable to this case and the processes by

which you should weigh the evidence and determine the facts.  In a few minutes, you

will retire to the jury room for your deliberations.  Your first order of business in the jury

room will be to elect a foreperson.  The foreperson's responsibility is to ensure that

deliberations proceed in an orderly manner, but of course, the foreperson's vote is not

entitled to any greater weight than the vote of any other juror.

Your job as jurors is to reach a fair and just verdict from the law and evidence.

When you are in the jury room, listen to each other, and discuss the evidence and

issues.  It is the duty of each of you, as jurors, to consult with each other, and to

deliberate with a view to reaching an agreement, if you can do so without violating your

individual judgment and conscience.

Remember in your deliberations that this case is very important to the

government and, of course, the defendant.  I know you will give full and conscientious

consideration to the issues and the evidence before you.  You must do justice in

accordance with the facts and the law.

If, in the course of your deliberations, your recollection of any part of the

testimony should fail, it is your privilege to return to the courtroom to have the testimony

read back to you.  During the trial, various documents were received into evidence.

Most will be sent into the jury room with you.  Please advise me if you wish to receive

any other items that were received in evidence but not sent into the jury room.

Should you desire to communicate with me during your deliberation, please put

your message or question in writing.  The foreperson should sign the note and pass it to

the Marshal who will bring it to my attention.  I will then respond, either in writing or

orally by having you returned to the courtroom.  I caution you, however, that in your

communications with me, or anyone else, <u>you should never state how you stand on any</u>

<u>issue, or your division by number, until after a unanimous verdict is reached</u>.

Your verdict, whether not guilty or guilty as to each count, must be <u>unanimous</u>,

that is, all twelve members must agree as to each count in the Indictment.

You have already been provided with preliminary instructions (Court's Exhibit No.

1a) and a copy of the Second Superseding Indictment (Court's Exhibit No. 2).  Each of

you are now provided with these instructions (Court's Exhibit No. 3) and the Verdict

Form (Court's Exhibit No. 4).  Once you have reached a unanimous verdict on all

counts against the defendant, your foreperson should complete only the <u>original</u> verdict

form.  All of you must sign the <u>original</u> verdict form.  Then inform the Marshal that a

<u>unanimous</u> verdict has been reached.  You will then be returned to the courtroom and

your verdict will be announced in open court.