UNITED STATES  DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
****************************************************

UNITED STATES OF AMERICA,


 vs.                          16-CR-320


STACEY J. LAPORTE, JR.,


                          Defendants
****************************************************

          Transcript of a Sentencing held on January 4, 2018,

before the HONORABLE DAVID N. HURD, at the United States

Federal Courthouse, 10 Broad Street, Utica, New York,

stenographically recorded by Nancy L. Freddoso, Registered

Professional Reporter.

                 A P P E A R A N C E S

Government:      UNITED STATES ATTORNEY'S OFFICE
                 ROOM 900, HANLEY FEDERAL BLDG.
                 100 SOUTH CLINTON STREET
                 SYRACUSE, NEW YORK  13261-7198
            BY:  LISA M. FLETCHER, AUSA
                 SAHAR L. AMANDOLARE, AUSA

Defendant:       FEDERAL PUBLIC DEFENDER'S OFFICE
                 4 CLINTON SQUARE
                 SYRACUSE, NEW YORK 13202
            BY:  RANDI J. BIANCO, AFPD
                 MARTIN P. WOLFSON, AFPD




                 NANCY L. FREDDOSO, R.P.R.
            Official United States Court Reporter
                 10 Broad Street, Room 316
                 Utica, New York 13501
                    (315) 793-8114

2

Sentencing

1          COURT CLERK:  United States of America versus

2    Stacey J. LaPorte, Jr., 16-CR-320.

3          Attorneys, please note their appearance for the

4    record.

5          MS. FLETCHER:  Lisa Fletcher and Sahar Amandolare

6    for the government.  Good morning, Your Honor.

7          THE COURT:  Good morning.

8          MS. BIANCO:  Good morning, Your Honor.  Randi Bianco

9    and Martin Wolfson on behalf of Stacey LaPorte who is also

10   present.

11         THE COURT:  Good morning.

12         Is there any reason why we should not now proceed

13   with sentencing, counselors?

14         MS. FLETCHER:  No, Your Honor.

15         MS. BIANCO:  No, Your Honor.

16         THE COURT:  First of all, we have the Presentence

17   Report which consists of sixty-four pages with three addendums

18   consisting of additional pages.  So we have fifty-seven pages

19   altogether, together with the victims' impact statements.

20         Please stand.

21         Ms. Bianco, did you have sufficient time to review

22   the Presentence Report and the addendums?

23         MS. BIANCO:  I have, Your Honor.

24         THE COURT:  Mr. LaPorte, have you had a chance to go

25   over this Presentence Report with the addendums yourself and

Sentencing

1   with your attorney?

2           THE DEFENDANT:  I have.

3           THE COURT:  Mr. LaPorte, you have set forth in the

4   addendum some objections to the factual accuracy of the report

5   and have been addressed by the Probation Officer.  Do you have

6   any additional objections at this time?

7           MS. BIANCO:  Well, Your Honor.  Just to make the

8   record about my objections, I don't know if you wanted me to

9   address some of the things that Probation has said or if you

10  want us to rely on our objections?

11          THE COURT:  Well, if you have anything additional

12  from what is in the Presentence Report which is part of the

13  record.

14          MS. BIANCO:  Well, Judge, in regards to the

15  enhancement for the obstruction of justice, and that's at

16  paragraph numbered sixty-two, Probation has contended that

17  Mr. LaPorte committed perjury in about four different

18  instances.  The first three deal with his trial testimony and

19  his defense.

20          Specifically, that he denied abusing Victim One and

21  Victim Four.  The second was that he denied instructing others

22  in having sexual contact with Victims One, Two, Three, and

23  Four.  And the third, that Mr. LaPorte said that Bailey and

24  Trimm sexually abused their children on their own.

25          We would argue that an obstruction of justice

Sentencing

1    offense -- excuse me, obstruction of justice enhancement is

2    improper in this regard.  The fact that the jury didn't believe

3    my client does not necessarily mean that he committed perjury.

4    He had the right to testify on his own behalf, the right to

5    present his defense, and he wasn't charged with perjury.  They

6    didn't believe his testimony, but that doesn't mean it should

7    be an obstruction of justice enhancement.

8              With regards to the fourth contention that he denied

9    sexually abusing children, specifically K.S.  This was a

10   question that was brought up to Mr. LaPorte on

11   cross-examination.  It was not brought up on direct.

12   Mr. LaPorte was not charged with that particular offense in

13   this case.  He ultimately ended up pleading guilty.  It is not

14   covered as part of this case and it could easily -- his answers

15   could have easily been raised during his cross-examination by

16   confusion or that he was physically ill at the time.  I don't

17   believe that an obstruction of justice enhancement on that is

18   proper.

19             With regards to victim B.L., he did not commit

20   perjury.  He took the Fifth Amendment on every question that

21   was asked.  And with regards to Victim Three, he admitted

22   having sex with her.  He didn't lie about that, but he thought

23   she was a different age.  So I would contend that the

24   obstruction of justice enhancement is improper.

25             I would also point to Paragraph 55.  Probation

Sentencing

1    summarizes V-2's statement to police which basically talked

2    about having sex with V-3.  And this was contradicted by his

3    actual trial testimony.  And the actual trial testimony of V-2

4    and V-3 said that they didn't have sex, but that they actually

5    faked it for the picture.  So the fact that Probation is

6    referencing a sworn statement that was given before their

7    testimony, which is later contradicted by their testimony, I

8    think should be omitted.

9            Other than that, we will rely on our objections in

10   our papers.

11           THE COURT:  Thank you.

12           Mr. LaPorte, do you have any objections to the

13   factual accuracy of the Presentence Report other than those

14   stated by your counsel and also set forth in the addendum to

15   the Presentence Report?

16           THE DEFENDANT:  No.

17           THE COURT:  Does the government have any objections

18   to the factual accuracy of the report, Ms. Fletcher?

19           MS. FLETCHER:  No, Your Honor.

20           THE COURT:  I adopt the factual statements contained

21   in the Presentence Report as to which there are no objections

22   as to the controverted factual statements.  They have been

23   addressed in the addendum to the Presentence Report by the

24   Probation Officer, and I adopt them.  And any objections stated

25   today are denied.

6

Sentencing

1              The Presentence Report will be made a part of the
2    record, together with the addendums and the victims'
3    statements.  The Clerk is ordered to place the report under
4    seal.  If an appeal is taken, counsel on appeal will be
5    permitted access to all parts of the report and the addendums,
6    except for the Probation Officer's rational.
7              I advise counsel that in addition to the Presentence
8    Report, addendum and the statements of victims, I have also
9    received the government's sentencing memorandum at
10   Docket No. 88; the government's response to the defendant's
11   sentencing memorandum, Docket No. 95; a letter from the
12   government at Docket No. 96; and an enclosed Victim Impact
13   Statement at Docket No. 98.
14             I have also received the sentencing memorandum from
15   the defense, Docket No. 89, and of course, I attended the trial
16   of all of the issues and all of the exhibits that were admitted
17   at that trial.
18             Are there any additional materials which either
19   counsel wish me to consider before we proceed further?
20             MS. FLETCHER:  Not from the government.
21             MS. BIANCO:  No, Your Honor.
22             THE COURT:  The Probation Office has recommended
23   that the total offense level is forty-three, the criminal
24   history category is one, and the guideline imprisonment range
25   is life.  However, as recommended, that since no count of

7

Sentencing

1    conviction carries a potential life sentence, the guideline

2    sentence is two thousand and forty months, or one hundred and

3    seventy years, which is the total punishment by combining the

4    authorized maximum sentences for each count of conviction.

5               Ms. Bianco, you have objected to parts of the

6    guideline recommendation.  Do you wish to be heard further?

7               MS. BIANCO:  No, I will rely on my papers for that.

8               THE COURT:  Does the government wish to be heard

9    further?

10              MS. FLETCHER:  No, Your Honor.

11              THE COURT:  For the record, I adopt all of the

12   guideline rationale between Paragraphs 62 and 139, pages

13   twenty-seven to thirty-five of the Presentence Report.  In

14   particular, Count 1 results, at Paragraph 76, of an adjusted

15   offense level of forty-six.  Count 2, at Paragraph 85, has an

16   adjusted offense level of forty-four.  Count 3, at

17   Paragraph 95, has an adjusted offense level of forty-six.

18   Count 4, Paragraph 105, has an adjusted offense level of

19   forty-six.  Count 5, Paragraph 113, an adjusted offense level

20   of thirty-eight.

21              There is a pseudo Count 5A, which is as a result set

22   forth in Paragraph 60 involving Victims Two and Three set forth

23   at Paragraph 120, an adjusted offense level of thirty-six.

24   Count 6, Paragraph 139, an adjusted offense level of

25   thirty-five.

Sentencing

1              Then we have the multiple count adjustment set forth

2    in Paragraph 38, which has an adjusted offense level of

3    fifty-seven, and of course, the final recommendation by

4    Probation.

5              I adopt all of those -- all of the computations set

6    forth in the Presentence Report as noted.

7              And I find that the total offense level is

8    forty-three, the criminal history category is one, and the

9    guideline imprisonment range is life.  However, as noted

10   before, since no count of conviction carries a potential life

11   sentence, the guideline sentence is two thousand forty months

12   or one hundred seventy years, which is the total punishment by

13   combining the authorized maximum sentence for each conviction.

14             Ms. Bianco, you have made a motion for a

15   non-guideline sentence.  You may be heard.

16             MS. BIANCO:  Thank you, Your Honor.  We are asking

17   the Court --

18             THE COURT:  You may be seated.

19             MS. BIANCO:  We are asking the Court today to impose

20   thirty year sentence, plus life supervision which we believe is

21   sufficient but not greater than necessary for this twenty-seven

22   year old young man.

23             Stacey really never had a chance growing up.  He

24   probably would have been better off if he were abandoned by his

25   parents than actually raised by them.  He was physically abused

Sentencing

1    by both his uncle and his father.  He was sexually abused by

2    his grandfather and his mother for years.  When he voiced his

3    concern about the abuse, no one believed him.  No one cared.

4              He was brought to Family Court because of the

5    neglect of his parents.  They recommended in Family Court when

6    he was at a very young age that he receive mental health care.

7    However, his parents never complied, never brought him for

8    mental health care.  Stacey was eventually left to fend for

9    himself.  He had no supervision by his parents.  His parents

10   gave him drugs, alcohol, and cigarettes.

11             No one took care of young Stacey.  He had head lice

12   when he went to school.  He didn't have a regular doctor.  And

13   he was brought to the Emergency Room when things got that bad.

14   Ultimately when he was a young teen, he began living on

15   people's couches when he had nowhere to go, and eating out of

16   garbage cans.  And no one even noticed that young Stacey was

17   gone.  No one asked about him.  No one cared.  It would have

18   been better off if he were abandoned than the life he actually

19   lived.

20             He never had a chance as a child.  He was never

21   given any structure, and a thirty year sentence here would give

22   him actually a first chance at life.  It is not a slap on the

23   wrist.  It is a very hash punishment, and life supervision

24   would give him the structure he needs.  By the time he is

25   released from custody, he would be more mature, and he would

Sentencing

1   have participated in programs and gotten some help.

2           We are asking, Judge, that you recommend or

3   designate the facility in Tucson, Arizona that he be housed

4   with other sex offenders, and we are asking this so he can be

5   physically safe.  He has been in protective custody for the

6   last eighteen months.  He is only out of his cell one hour a

7   day.  He is harassed by both guards and inmates.  Inmates have

8   told him, they have already written letters to other facilities

9   to tell other inmates to expect him when he comes.

10          We are not asking for any special privileges.  We

11  are just asking that he be housed in a safe environment where

12  he can serve out this course sentence.  Thank you.

13          THE COURT:  Thank you.

14          Ms. Fletcher, you may be heard in opposition to the

15  defendant's motion for a non-guideline sentence.

16          MS. FLETCHER:  Your Honor, the defendant's request

17  for a thirty year sentence would result in a sentence wildly

18  inconsistent with sentences imposed on defendants in other

19  cases who have committed less serious crimes than

20  Stacey LaPorte has committed.  The only reason or rationale the

21  defense can set forth is the defendant's childhood

22  circumstances.

23          As we have laid out in our response papers, the life

24  history of defendants in criminal cases in particular and in

25  child exploitation cases specifically, are usually poor or

Sentencing

1    substandard childhood conditions.  The fact that the defendant

2    had neglectful and addicted parents, you know, so did his

3    sister.  So did his sister.  She did not grow up to abuse,

4    rape, and sodomize children.  She grew up with him as her

5    abuser.  The fact that he had an unfortunate childhood is not

6    an excuse to mitigate his sentence in a case as severe as this.

7            As we have also set forth, courts have found that

8    the defendant's compulsion to commit offenses based upon these

9    factors such as their upbringing actually are aggravating

10   circumstances that would require a larger sentence and not a

11   more lenient sentence.  He is more likely to recidivate.  He

12   has said throughout this case to the people who he manipulated

13   and cajoled to allowing him to abuse their children him that he

14   has a compulsion as a result of his childhood to abuse children

15   and that he needs to do that in order to relieve his own pain.

16           And that, Your Honor, is troublesome.  It is

17   horrifying, and it is an indicator that he will recidivate and

18   that his childhood is an aggravating factor and not a

19   mitigating factor, and a non-guideline sentence is unwarranted

20   in this case.

21           THE COURT:  Thank you.

22           I will reserve decision on the motion.

23           Ms. Fletcher, do any victims wish to be heard at

24   this time?

25           MS. FLETCHER:  Your Honor, Lisa Richards, who is the

Sentencing

1    grandmother of C.T., Victim No. 4 in this case, and her legal

2    guardian would like to speak.

3              THE COURT:  She may come forward to the podium,

4    state your name and say what you wish.

5              LISA RICHARDS:  I am Lisa Richards.  I want to speak

6    on C.T.'s behalf.

7              THE COURT:  You may.

8              LISA RICHARDS:  I just want justice for her.  She

9    was very little, didn't deserve any of this.  My whole family

10   is never going to be a family because of this, and I just want

11   the maximum that he can do because I know he will do it again.

12             THE COURT:  Anything further?

13             LISA RICHARDS:  I just want him gone.

14             THE COURT:  Okay.  Thank you.

15             Any other victims wish to be heard?

16             MS. FLETCHER:  No, Your Honor.

17             THE COURT:  Ms. Bianco, any friends or family of the

18   defendant wish to be heard.

19             MS. BIANCO:  No, Your Honor.

20             THE COURT:  Mr. LaPorte, do you wish to say anything

21   at this time?  If you do, stand up and say what you wish.

22             THE WITNESS:  No, Your Honor.

23             THE COURT:  Ms. Bianco, do you have some final words

24   you wish to state?

25             MS. BIANCO:  No, Your Honor.

Sentencing

1          THE COURT:  Ms. Fletcher.

2          MS. FLETCHER:  Yes, Judge.  Your Honor, simply put,

3    there is not one single reason or one single factor that

4    justifies imposing anything but the maximum sentence in this

5    case.  Stacey LaPorte is probably the single most dangerous sex

6    offender to stand before this Court.  And it is imperative that

7    he remain in prison for the rest of his life.

8          The nature of his crimes demands it.  The

9    devastation he has caused to his many victims demands it.  The

10   number of victims he has.  The age of his victims, and the

11   escalating nature of his crimes demands it.  His self

12   proclaimed compulsion to rape and sodomize children demands it.

13   And the protection of the most vulnerable members of our

14   society demands it.

15         Stacey LaPorte is serial sex offender whose victims

16   are children.  Children of any and all ages.  He has no

17   conscience.  He has no morality.  He has no remorse.  And he

18   has accepted no responsibility here.  Instead, he testified

19   falsely at trial in a futile effort to escape accountability

20   for his vile offenses.

21         While the guidelines here are one hundred and

22   seventy years, the question this Court really must decide is

23   whether to imprison Stacey LaPorte for life or not life.

24   Outside of that is just math.  Whether the Court sentences him

25   to eighty, one hundred, one hundred and seventy years, it all

Sentencing

1   ends up the same.  Stacey LaPorte will never be free to harm

2   another child again.  And that is the point, isn't it?  It is

3   and should be the goal here.

4         Punish the defendant for what he has done.  Deter

5   others who may be of the same ilk.  But most of all, protect

6   society and its children from a man who sees them as nothing

7   more than a means to satisfy his own sick and twisted

8   compulsions.

9         Your Honor, with that goal in mind, a life sentence

10  is simply the only result that is justice here.  So that being

11  said, what is the difference between eighty, ninety, or one

12  hundred and seventy years?  The difference is make a statement,

13  a statement to the defendant and to others that justice was

14  done here, and that justice for such heinous crimes will be

15  done always in this court.

16        A maximum sentence is a true statement that the law

17  will not give one inch, one quarter, or even one year to those

18  who commit the most vile deplorable and heinous crimes.  It is

19  time for Stacey LaPorte to it face the consequences of his

20  crimes, crimes that went on for years and years, crimes that

21  affected so many children and so many families.  And those

22  consequences and the sentence needs to be sure, just, and

23  unwavering.  It needs to be one hundred and seventy years.

24  Thank you, Judge.

25        THE COURT:  Thank you.

Sentencing

1          I have considered the applicable sentencing

2    guidelines, as well as the other factors listed in

3    18 U.S.C. 3553(a).  These factors include the pertinent

4    sentencing commission policy statements, the need to avoid

5    unwarranted sentencing disparities, and the requirement that

6    judges impose sentences that reflect the seriousness of the

7    offense, promote respect for the law, provided just punishment,

8    afford adequate deterrence, and protect the public.

9          After careful consideration of the record and the

10   arguments presented by both sides, and given my responsibility

11   to impose a sentence that is sufficient, but not greater than

12   necessary to comply with the purposes of sentencing, I will

13   depart from the advisory and guideline sentence that calls for

14   imprisonment of two thousand and forty months, or one hundred

15   and seventy years.

16         However, I find a sentence that ensures you will not

17   be released from prison is necessary after considering your

18   history and characteristics, and the need to reflect the

19   seriousness of your numerous crimes against children, to

20   provide punishment to the extent that these crimes against

21   children, and to prevent you from re-engaging in the same

22   incomprehensible conduct, that being the rape and sexual abuse

23   of the most vulnerable in our society.

24         The record demonstrates no minor was off limits to

25   you, as your victims spanned all age groups, from infants to

Sentencing

1    toddlers to prepubescent children, it is clear from the record

2    that your sexual deviance was a chosen lifestyle, and that you

3    somehow were able to convince others to engage in the same

4    deviant lifestyle.

5              For example, you persuaded two different women to

6    engage in the same deviant lifestyle, to sexually abuse their

7    babies, and then you abused and raped these babies before they

8    even reached their first birthday.  You also persuaded one of

9    the woman to sexually abuse other minors, and you coerced

10   minors to engage in sexual activities with one another,

11   including a teenaged girl and her younger brother.

12             As detailed in the Presentence Report, your crimes

13   against children are substantial, and the sentence imposed

14   today accounts for the number of children you preyed upon and

15   victimized and the extent of your crimes against these victims,

16   some of whom you abused and/or raped from month to years.

17             You have single handedly torn families apart, and

18   all for your own sexual satisfaction which you characterized as

19   a "need" to sexually abuse children resulting in physical pain

20   should your need not be fulfilled.

21             The harm you have caused is unmeasurable, but the

22   destruction is indisputable.  There is no question you had a

23   very difficult and disadvantaged youth involving almost every

24   kind of neglect and abuse imaginable as detailed in your

25   Presentence Report and in your sentencing submissions.

Sentencing

1    However, after carefully weighing your childhood abuse against

2    your significant crimes against children, I find your behavior

3    as a serial child rapist far outweighs the mitigating factors

4    that you have presented to me.

5                You are a danger to children and your likelihood of

6    recidivism are underscored by your failure to demonstrate any

7    degree of remorse or acceptance of responsibility during trial

8    or afterwards in your sentencing submissions.  You have

9    maintained your innocence.  You have blamed others.  And you

10   have not shown any understanding of the seriousness of your

11   behavior or the harm that you have caused.

12               I find your failure to accept any responsibility for

13   your actions, coupled with the escalation of your behavior from

14   the age of eighteen when you raped your first victim, to the

15   anal sodomy of two victims, along with your ability to compel

16   others to abuse children, and your online activities searching

17   for extreme baby hardcore pictures, emphasize you are an

18   extreme danger to the community, and your significant

19   likelihood of recidivism should you be released back into the

20   community.

21               Accordingly, I find the sentence imposed today which

22   guarantees a life sentence is justified and reasonable, and is

23   not greater than necessary because your significant sexual

24   deviance and your influence on others demonstrate you are among

25   the most dangerous of sexual predators, and a life sentence is

Sentencing

1   the only way to protect the community from your compulsion to

2   sexually abuse minors, no matter what the age.

3            Come forward to be sentenced with your counsel.

4            Having been found guilty of Counts 1 through 6 of

5   the Second Superseding Indictment, it is the judgment of the

6   Court that you are hereby committed to the custody of the

7   Bureau of Prisons to be imprisoned for a total term of one

8   thousand one hundred and forty months or ninety-five years.

9            This term consists of three hundred and sixty months

10  on Counts 1, 3, and 4 to run concurrently with each other, but

11  consecutively to all other counts.  Three hundred and sixty

12  months on Count 2 to run consecutively.  Three hundred and

13  sixty months on Count 5 to run consecutively.  And sixty months

14  on Count 6 to run consecutively.

15           I have imposed consecutive sentence to account for

16  the separate and distinct crimes against different victims, and

17  to adequately account for the arm caused to these victims.

18  This sentence represents the maximum sentence on Counts 1, 3,

19  and 4 involving the sexual exploitation of Victim One.

20           The maximum sentence on Count 2 involves the sexual

21  exploitation of Victim Four.

22           The maximum sentence on Count 5 involves the sexual

23  exploitation of minors V-2 and V-3, Victims Two and Three, and

24  the mandatory minimum sentence on Count 6 which involves an

25  unidentified infant.

Sentencing

1          I have also imposed this sentence with the

2     understanding that you will not be released from prison.

3     However, in the event you are released, you shall be placed on

4     supervised release for a term of life on each count to run

5     concurrently.

6          If applicable, you shall not commit another federal,

7     state or local crime, and you shall comply with the standard

8     conditions that have been adopted by this Court.

9          Due to unlikeliness of your release, no special

10    conditions are imposed at this time.

11         You shall also pay to the Clerk of the Court a

12    special assessment of six hundred dollars which is due

13    immediately.

14         I find you do not have the ability to pay a fine or

15    the additional special assessment, and therefore, both are

16    waived.

17         You shall forfeit to the United States all right,

18    title, and interest in the items listed in the Preliminary

19    Order of Forfeiture which was signed by me on July 7, 2017.

20         You have a right to appeal your conviction and

21    sentence.  You are advised to consult with your attorney to

22    determine whether or not an appeal is warranted.  Any appeal

23    must be filed within fourteen days of the date the judgment is

24    filed in this case.

25         Anything further, counselors?

20

Sentencing

1          MS. FLETCHER:  Nothing further.  Thank you, Your

2    Honor.

3          MS. BIANCO:  Your Honor, our request for Tucson,

4    Arizona, a possible designation so he can at least be safe.

5          THE COURT:  Any objection to that by the government?

6          MS. FLETCHER:  No objection, Your Honor.

7          THE COURT:  Request granted.

8          Anything further?

9          MS. BIANCO:  No, Your Honor.

10          THE COURT:  You are remanded to the custody of the

11    United States Marshals for the rest of your life.

12          Mr. McBrearty.

13          COURT CLERK:  Court stands adjourned.

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF OFFICIAL REPORTER

1

2          I, NANCY L. FREDDOSO, RPR, Federal Official Court

3   Reporter, in and for the United States District Court for the

4   Northern District of New York, do hereby certify that pursuant

5   to Section 753, Title 28, United States Code that the foregoing

6   is a true and correct transcript of the

7   stenographically-reported proceedings held in the

8   above-entitled matter and that the transcript page format is in

9   conformance with the regulations of the Judicial Conference of

10  the United States.

11

12

13                    S/NANCY L. FREDDOSO, RPR

14               Federal Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25